Franklin McCullough v. Commissioner.
Franklin McCullough v. Commissioner
Docket No. 23677.
United States Tax Court
1950 Tax Ct. Memo LEXIS 5; 9 T.C.M. (CCH) 1169; T.C.M. (RIA) 50316; December 28, 1950
*5 Petitioner not entitled to claimed dependency credits during year 1945. Harry B. Kirtland, Esq., 421-424 Gardner Bldg., Toledo 4, O., for the petitioner. Cyrus A. Neuman, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding was initiated to test the correctness of the respondent's determination of a deficiency in income tax in the amount of $626 for the taxable year 1945. The question involved is whether petitioner furnished the chief support for his children so as to entitle him to the six dependency credits claimed on his return. Respondent determined that he did not furnish such support, thus placing on the petitioner the burden of proving his right to the dependency credits sought by him. Findings of Fact Petitioner is a resident of Toledo, Ohio, *6 and was divorced from his wife in November, 1945. In 1934 petitioner purchased a farm in Putnam County, Ohio, where he and his wife and family lived until 1938. Thereafter petitioner did not live on the farm or with his family from 1938 through 1945. He contributed no direct support to his wife and children during that period except in 1945, on order of the court in connection with the divorce proceedings, he paid $50 during the month of November and another $50 during the month of December, 1945. During the year 1945, petitioner did not pay the taxes, interest, and insurance on the farm, nor did he pay for any feed or supplies or for anything else in connection with carrying on or operating the farm, nor did he render any services in connection with the operation of the farm. The farm was operated during the taxable year by petitioner's wife with the help of her children, and the wife's income tax return for the year 1945 disclosed that she suffered a loss in the amount of $22 from carrying on her farming activities. Petitioner was not around the farm during the year 1945. He had no conversation with neighbors or relatives about the operation of the farm and he knew nothing directly *7 or indirectly about the manner in which the farm was being operated during the taxable year. On the occasion of petitioner's divorce in 1945, the court awarded the farm and equipment thereon to his wife. One of petitioner's children, Kenneth, had income during the year 1945 in the amount of $779, which sum Kenneth separately returned for income tax purposes. Petitioner's wife during the taxable year worked for wages and earned during that period $1,483.61. The petitioner did not furnish more than one-half of the support of his children or of any one of them during the taxable year 1945. Opinion ARUNDELL, Judge: On the record as made in this case we have no hesitancy in concluding that petitioner did not furnish more than one-half of the support for his children, as is required by section 25 of the Internal Revenue Code to entitle him to the dependency credits. The whole burden of petitioner's argument is that he had title to a farm on which his family lived and that they must have received their chief support from the farm. Certainly he never helped to work the farm during the year 1945, and apparently he did nothing about helping either on the farm or *8 otherwise since 1938. The first contribution, we find, came in November, 1945, on direct order of the divorce court. At the conclusion of the hearing this Court held that petitioner did not sustain his burden of establishing that he had furnished more than one-half of the support of his children or of any one of them. The respondent is sustained. Decision will be entered for the respondent.